UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10341-RGS

DENNIS A. BLANCHETTE

v.

UNITED STATES OF AMERICA

MEMORANDUM ON DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT

October 8, 2014

STEARNS, J.

Plaintiff Dennis Blanchette sued the United States[1] alleging that, between 2009-2012, the United States, through the Department of Treasury, Internal Revenue Service (IRS), confiscated all of his monthly Social Security Administration (SSA) benefits, and roughly one half of his retirement pension, causing him dire financial hardship. He seeks $12,000,000 in damages from the United States Government.[2] The United States maintains that the IRS assessed and collected federal income tax due

---

[1] Blanchette refers to defendant in the caption of the Complaint as "Department of the Treasury; Internal Revenue Service, Frank Enaire, IRS Revenue Officer; Collectively, United States, a Fiction-At-Law."

[2] Blanchette previously filed a related case against the SSA, seeking $3,000,000 in damages, that was dismissed for, among other reasons, lack of subject matter jurisdiction. See case no. 13-12655-RGS (D. Mass. 2014), Dkt. #16.

and owing from Blanchette in a manner permitted by the Internal Revenue Code, and that his claims are barred by the Doctrine of Sovereign Immunity.

On August 29, 2014, the United States filed a motion for summary judgment[3] together with sworn declarations from IRS employees Frank Enaire, John Carroll, and Donna Czelowalnik, along with transcripts of assessment and copies of correspondence between the IRS and Blanchette. The United States alleges that the IRS complied with all applicable statutes and regulations in assessing Blanchette's federal income tax liability for the tax years 1998-2003 and 2005-2011, after Blanchette failed to file tax returns or pay any tax for those years despite earning substantial income (as evidenced by third-party information returns such as 1099's), and after Blanchette refused to respond to years of IRS demand notices. The United

---

[3] Since Blanchette filed the Complaint on February 18, 2014, both parties have requested multiple extensions of the dispositive motions deadline (originally set for July 15, 2014). On August 22, 2014, the court granted a final extension to August 29, 2014, noting that it would not entertain any further motions for extension without good cause. On August 29, 2014, the United States filed a motion for summary judgment. Dkt. #24. The court denied Blanchette's subsequent motion for a thirty day extension of time to obtain counsel, noting the lack of any explanation for Blanchette's failure to retain counsel previously. It has been over thirty days since the United States' motion for summary judgment was filed, and Blanchette has failed to respond to the motion.

States also asserts that the IRS has complied with all applicable statutes and regulations in initiating the forced collection of the amounts owing.[4]

As a sovereign entity, the United States may not be sued in the state or federal courts absent a waiver of immunity. Any claim of waiver will be strictly construed in favor of the United States. *Cascone v. United States*, 370 F.3d 95, 102 (1st Cir. 2004). Blanchette in his Complaint neither invokes a statutory waiver, nor alleges facts that might be construed to create one by implication. The only statute that operates to waive the immunity of the United States in suits seeking damages for improper tax collection is 26 U.S.C. § 7433.[5] *See id.* at § 7433(a) ("Except [for a failure to release a recorded lien], [a section 7433] action shall be the exclusive remedy for recovering damages resulting from [certain unauthorized collection actions]."). Blanchette does not aver that the IRS levied for liabilities that he did not legally owe, nor does the Complaint contain any specific facts from which one could reasonably infer the elements of a

---

[4] The United States notes that the IRS complied with 26 U.S.C. 6334 in calculating the amount of Blanchette's monthly retirement income that is exempt from administrative levy. The United States further notes that the levy was instituted only after years of serving Blanchette with demands for payment and notices of intent to levy, in accordance with 26 U.S.C. § 6331, in addition to telephoning and visiting Blanchette's home in an attempt to resolve his tax debts through means other than forced collection.

[5] Blanchette is aware of this statute as he referenced it in the case that he brought against the SSA.

plausible claim that an unauthorized collection action took place. Further, Blanchette has not pled facts that could, even charitably, be construed as meeting the elements of section 7433 (which includes an exhaustion of administrative remedies requirement (section 7433(d)(1)) and a requirement that the action be brought within two years from the date the right of action accrued (section 7433(d)(3)).

## ORDER

For the foregoing reasons, the United States' motion for summary judgment is <u>ALLOWED</u>. The Clerk will enter judgment for the United States and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE